## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ENA CARSON,
　　　　　　　　Appellant,

　　　　v.

U.S. POSTAL SERVICE,
　　　　　　　　Agency.

DOCKET NUMBER
CH-0752-24-0562-I-1

DATE:  July 13, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

Ena Carson, River Forest, Illinois, pro se.

Roderick Eves, Esquire, and Christopher R. Lopez, Esquire,
　　St. Louis, Missouri, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely filed without good cause shown.  For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On July 11, 2024, the agency issued its decision to remove the appellant, effective August 3, 2024, for failure to maintain regular attendance and absence without leave (AWOL). Initial Appeal File (IAF), Tab 7 at 20-24. On September 9, 2024, the appellant filed this Board appeal contesting her removal and alleging that it was retaliation for her prior equal employment opportunity (EEO) activity. IAF, Tab 1 at 2. The appellant also alleged that she was on approved leave under the Family and Medical Leave Act for a portion of her absence. *Id.*

Noting that the appeal appeared untimely, the administrative judge issued a timeliness order affording the appellant an opportunity to file evidence and argument that the appeal was timely filed or that good cause existed for the filing delay. IAF, Tab 4. The order set forth the specific criteria the appellant was required to meet to show good cause, including the evidence she would need to submit to show the delay was caused by an illness. *Id.* at 4. In response, the appellant acknowledged her filing delay and explained that the medications she was prescribed to treat her mental health issues were "known to affect [her] cognitive processing and response times." IAF, Tab 6 at 5. She also asserted that she filed an EEO complaint on July 19, 2024,[2] provided evidence that she attempted to follow up with the agency about the status of her EEO complaint,[3] and argued that the lack of response from the agency regarding her EEO complaint "left [her] in a state of uncertainty, prompting" her to file an appeal with the Board. *Id.* at 4-5.

---

[2] In her response to the timeliness order, the appellant stated that she filed her EEO complaint on June 19, 2024, IAF, Tab 6 at 4, but the record reflects that she initiated the EEO process on July 19, 2024, Petition for Review (PFR) File, Tab 4 at 1, 4, Tab 6 at 6.

[3] The appellant provided copies of her initial correspondence with an EEO specialist on August 6, 2024, and her follow-up emails on August 26, 2024, and September 4, 2024, inquiring about the next steps in the EEO process. IAF, Tab 6 at 7-8.

Without holding the appellant's requested hearing, the administrative judge dismissed the appeal as untimely filed without good cause shown, finding that the appellant's documentation was insufficient to show that her filing delay was based on her alleged mental health treatment because it did not include evidence of any mental health diagnosis or treatment during the relevant period. IAF, Tab 9, Initial Decision (ID) at 1, 5, 7. The administrative judge additionally found that the appellant's uncertainty about the status of her EEO complaint did not constitute good cause for the untimely filing. ID at 6.

The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply to the agency's response. Petition for Review (PFR) File, Tabs 1, 3-4. Because the nature of the appellant's EEO complaint (formal vs. informal), the precise matters raised in the complaint, and the date of the complaint and any final agency decision are material to the timeliness issue, *see* 5 C.F.R. § 1201.154, and were unclear based on the existing record, the Office of the Clerk of the Board issued a show cause order. PFR File, Tab 5. The appellant responded, PFR File, Tab 6, and the agency replied to the response and filed a supplement, PFR File, Tabs 7-8.[4]

---

[4] The appellant objected to the agency's reply and the supplement as untimely filed. PFR File, Tab 9. The appellant filed her response to the order on January 7, 2026, and, pursuant to the Board's order, the agency's reply was due 10 days later on January 17, 2026. PFR File, Tabs 5-6. The agency filed its reply on January 20, 2026, and a supplement consisting of various documents related to the appellant's EEO complaint, including the Final Agency Decision, the following day. PFR File, Tabs 7-8. January 17, 2026, was a Saturday, and the following Monday was a Federal holiday; thus, pursuant to the Board's regulations, the filing deadline for the agency's reply was Tuesday, January 20, 2026. 5 C.F.R. § 1201.23. Accordingly, the reply to the response was timely filed. Regarding the supplement, although the agency has not offered an explanation for the 1-day filing delay, the documents provided are the types of documents the Clerk of the Board instructed the agency to submit if the appellant failed to do so. PFR File, Tab 5. The appellant did not submit several of the documents. Moreover, the documents aid our determination that this matter must be remanded for adjudication of the merits of the appellant's appeal. Thus, under the circumstances we have considered the agency's supplemental submission.

**ANALYSIS**

Generally, an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b). As noted, the appellant did not dispute below that her appeal was filed after the Board's 30-day filing deadline. IAF, Tab 6 at 4. Nevertheless, on petition for review, she argues that the administrative judge erred by not considering the timeliness of her appeal under 5 C.F.R. § 1201.154, which applies to mixed cases. PFR File, Tab 1 at 4-5.

A mixed case arises when, as here, an employee has been subject to an action that is appealable to the Board, and she alleges that the action was effected, in whole or in part, because of discrimination. *Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 8 (2014). Pursuant to the procedures set forth at 5 U.S.C. § 7702, an appellant may file either a mixed-case complaint with the agency or a mixed-case appeal with the Board, but not both, and whichever is filed first is deemed to be the employee's election to proceed in that forum. *Id.*; 29 C.F.R. § 1614.302(b), (d). Under 5 C.F.R. § 1201.154, if an appellant in a mixed case elects to proceed first by filing a timely formal discrimination complaint with her employing agency, the right to appeal to the Board does not vest until either the agency issues a final decision on the discrimination complaint or 120 days elapse from the date the discrimination complaint was filed with the agency. *See, e.g.*, *Dowell v. U.S. Postal Service*, 113 M.S.P.R. 250, ¶ 7 (2010).

The appellant contends that, because she filed an EEO complaint before filing her Board appeal and the agency had not yet resolved the matter or issued a final decision on that EEO complaint when she filed the appeal, her Board appeal was premature rather than untimely pursuant to 5 C.F.R. § 1201.154. PFR File, Tab 1 at 4-5. However, the record shows that, although the appellant initiated the EEO process on July 19, 2024, PFR File, Tab 6 at 6, she did not file a formal EEO complaint until November 5, 2024, PFR File, Tab 8 at 4; thus, by filing her

September 9, 2024 Board appeal, she elected the Board as her forum. *See Dowell*, 113 M.S.P.R. 250, ¶ 7 (explaining that, when an individual files a Board appeal prior to filing a formal EEO complaint, the Board is his elected forum). Indeed, the appellant's formal EEO complaint was ultimately dismissed by the agency on that ground. PFR File, Tab 8 at 11-13, 23-25.

Consequently, the appellant's only avenue for Board review of her removal appeal as a mixed case is her direct Board appeal subject to the filing time limits set forth in 5 C.F.R. § 1201.22. As noted, the appeal was untimely filed. The Board will waive the time limit only upon a showing of good cause for the filing delay. 5 C.F.R. § 1201.22(c). The appellant bears the burden of proof, by a preponderance of the evidence, with respect to the timeliness of the appeal. 5 C.F.R. § 1201.56(b)(2)(i)(B).

To establish good cause, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Here, the record reflects that the appellant intended to pursue her mixed case through the EEO process, rather than directly through the Board, and that she exercised due diligence in this regard. Specifically, the appellant promptly initiated EEO counseling upon receiving the agency's removal decision, PFR File, Tab 6 at 6, made repeated attempts to communicate with the agency regarding the status of her informal EEO complaint within the Board's 30-day

deadline for filing a Board appeal, IAF Tab 6 at 7-8, and timely filed a formal EEO complaint, PFR File, Tab 8 at 4, after the agency finally responded to her inquiries on October 9, 2024, PFR File, Tab 6 at 8.[5]  The record also supports the appellant's argument that she only filed an untimely Board appeal because of the agency's failure to act within the Board's 30-day deadline.  PFR File, Tab 6 at 4-5.  Moreover, the agency's inaction ultimately foreclosed the appellant's ability to elect the EEO process and resulted in the dismissal of her formal EEO complaint.

In sum, the appellant filed an untimely Board appeal because of the agency's delay in processing her EEO complaint.  The agency should not be allowed to benefit from its misdeeds by having the appellant precluded from challenging the adverse action.  *See Ampania v. Office of Personnel Management*, 71 M.S.P.R. 427, 429 (1996) (finding that agency misinformation constituted good cause for an untimely filing); *Floyd v. U.S. Postal Service*, 44 M.S.P.R. 37, 40 (1990) (same); *see also Hemann v. Department of Veterans Affairs*, 2022 MSPB 46, ¶¶ 9-20 (finding that agency misinformation establish a basis to invoke the doctrine of equitable tolling, which is a more stringent standard than good cause, to waive the filing deadline).  Under these circumstances, we find that good cause exists to excuse the appellant's filing delay and that remand is necessary for further adjudication.[6]

---

[5] Much of this evidence was not in the record before the administrative judge and was submitted in response to the show cause order issued by the Office of the Clerk of the Board on petition for review.  PFR File, Tab 5.

[6] On review, the appellant argues that the administrative judge misinterpreted and misapplied the legal standard for establishing good cause for an untimely filing based on mental illness and erred in "disregarding" evidence that the appellant was undergoing treatment for mental health issues during the time frame for filing a Board appeal.  PFR File, Tab 1 at 2-3.  Because we find that good cause exists to excuse the appellant's filing delay on different grounds and are reversing the initial decision, as discussed herein, the appellant's argument is moot, and we make no findings in this regard.

Accordingly, we grant the appellant's petition for review, reverse the initial decision, which dismissed the appeal as untimely filed without good cause shown, and remand the appeal for adjudication of the merits of the agency's removal action and any affirmative defenses.

**ORDER**

For the reasons discussed above, we remand this case to the Central Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.